## No. 7875.

### State of Louisiana vs. William Faulkner.

The Court will presume, when an Information is signed by the Assistant District Attorney of the Parish of Orleans, under the provisions of Act No. 27 of the Legislature of 1878, that he performed the duty of the District Attorney, owing to the absence, sickness or inability of that officer.

Although two distinct articles are alleged to have been stolen, the taking of them constitutes one distinct offence, as to the thing, time and place, and the Information is not defective for uncertainty or duplicity.

APPEAL from the First District Court, parish of Orleans. *Abell, J.*

---

J. C. Egan, Attorney-General, for the State, Appellee.

The Appellant unrepresented.

---

The opinion of the Court was delivered by

Levy, J. The defendant appeals from the sentence and judgment of the Court whereby he was, after verdict of jury, condemned to two years imprisonment at hard labor in the penitentiary. He was prosecuted for the crime of petit larceny, under an information filed by the Assistant District Attorney of the parish of Orleans.

The grounds on which he relies in his motion for arrest of judgment are: That the information is "no information at all, because the laws of the State of Louisiana require that all indictments or informations shall be in the name of and signed by the District Attorney." Act. No. 27, session of 1878, approved February 18th, 1878, authorizes the District Attorney of the First Judicial District to appoint an Assistant District Attorney for said First Judicial District, and enacts "that it shall be

State vs. Faulkner.

competent for the said Assistant District Attorney, during the absence from the district, or the sickness or inability of the District Attorney, to perform all the duties of the District Attorney."

We are justified in the conclusion that the Assistant District Attorney performed the duty of the District Attorney owing either to the absence, sickness, or inability of that officer. Article 134 of the Constitution of 1879 authorizes the appointment by the District Attorney of an assistant. The defendant also contends in his motion that the information charges two distinct offenses in one count, viz., the stealing of a pocket-book valued at sixty cents, and two dollars and eighty cents lawful money of the United States, and that no value is alleged to said sum, and it is not described with sufficient legal certainty. Although two distinct articles are alleged to have been stolen, the taking of them constitutes one distinct offense as to the thing, time, and place, and the information is not defective for uncertainty or duplicity. The value is clearly and distinctly alleged.

The judgment of the lower court is affirmed.